USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/14/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN ALFREDO GANDO AMAT AND
LILIA HAYDEE GARCIA,

                    Plaintiffs,

            v.

HAND TO HAND EXPRESS AND
ANGELITO AQUINO-SANTANA,

                    Defendants.

---

No. 21-CV-1564 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs Juan Alfredo Gando Amat and Lilia Haydee Garcia filed this lawsuit in February 2021, raising negligence claims against Defendants on the basis of a 2020 motor vehicle accident that caused severe injuries to Mr. Gando Amat. *See* Dkt. 1. On September 9, 2021, Defendants filed a motion to transfer this action to the District of New Jersey. Dkt. 13. The motion asserts that transfer is warranted because the action arises out of a vehicle collision that took place in New Jersey, both Defendants reside in New Jersey, and the case will require the testimony of New Jersey-based witnesses. For the following reasons, the motion is granted.

Defendants' motion requested a transfer under the discretionary factors that courts consider pursuant to 28 U.S.C. § 1404(a), which provides that an action may be transferred to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." *Id*.; *see also New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).[1] Although Defendants argued principally that a

---

[1] Under Section 1404(a), "[t]he determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." *Filmline (Cross-Country) Prods., Inc. v.*

transfer of venue would be most convenient for the parties and witnesses, the motion drew the Court's attention to the significant possibility that venue was never proper in the Southern District of New York in the first instance. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."). Defendants' motion, and the Complaint itself, make clear that the action arose out of a November 2020 vehicle accident in Middlesex County, New Jersey, Compl. ¶¶ 10-11, and that both Defendants are residents of New Jersey, *id*. ¶¶ 3-5. *See also* Dkt. 16-1 (New Jersey Police crash investigation report). Accordingly, doubting that "a substantial part of the events or omissions giving rise to" Plaintiffs' claims occurred in the Southern District of New York, the Court directed Plaintiff to respond to Defendants' motion and to state the basis for venue being proper in this District. *See* Dkt. 15.

Plaintiffs have done so, Dkt 16, and their response confirms the Court's view that venue is not proper in this District. Plaintiffs' opposition, like Defendants' motion, focuses entirely on the convenience of the parties and witnesses. But if venue is improper in this District in the first place, the action cannot be maintained here, regardless of whether litigating here would be most convenient for the parties and witnesses. Nowhere in Plaintiffs' response do they endeavor to argue that "a substantial part of the events or omissions giving rise to [their] claim occurred" in

---

*United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989). Some of the discretionary factors a court may consider in assessing "convenience and fairness . . . on a case-by-case basis" include "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y. 2002)).

the Southern District of New York, nor does the motion or the Complaint itself mention any events occurring here that gave rise to Plaintiffs' claims.

The closest Plaintiffs come to describing an event or omission giving rise to their claim that occurred in New York is their statement that upon release from a hospital in New Jersey, Plaintiff Juan Alfredo Gando Amat received his follow-up medical treatment in Queens, New York. *See* Dkt. 16 at 2. But that has no bearing on the propriety of venue in this District. For one thing, Queens lies within the Eastern District of New York. Moreover, even if a plaintiff had received some follow-up medical care in this District, that would likely be insufficient to support a finding that a *substantial* part of the events giving rise to Plaintiffs' claims occurred here. *See Harris v. Ware*, No. 04 CV 1120 (JG), 2005 WL 503935, at *3 (E.D.N.Y. Mar. 4, 2005) (where "the [accident] giving rise to plaintiffs' claims occurred entirely in Delaware[,] [t]he fact that plaintiffs received medical care in New York [did] not tip the balance in favor of a finding that venue is proper in this state"); *Perrone v. Catamount Ski Resort, LLC*, No. 19-CV-8054 (KMK), 2020 WL 2538464, at *6 (S.D.N.Y. May 19, 2020) (venue improper in the SDNY in case involving a ski accident that occurred in the NDNY, because "the location of Plaintiff's physician and certain aspects of her treatment [was] irrelevant to the Court's analysis of venue under § 1391(b)"); *Renowden v. Carlson Hotels Mgmt. Corp.*, No. 18-CV-1179, 2019 WL 1673868, at *2 (W.D.N.Y. Apr. 17, 2019) (same). *See also Blakely v. Lew*, 607 F. App'x 15, 17 (2d Cir. 2015) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)) ("In performing [venue] analysis, courts must 'take seriously the adjective 'substantial' and 'construe the venue statute strictly.'").

The Court accordingly concludes that venue is not proper in this District. Venue is not proper under Section 1391(b)(1), because none of the Defendants reside in this District; it is not

proper under Section 1391(b)(2), because no events giving rise to Plaintiffs' claims occurred in this District. *See Rao v. Thuo*, No. 20-CV-3582 (DG), 2021 WL 980884, at *2 (E.D.N.Y. Mar. 16, 2021) (finding venue improper in the EDNY where the all the defendants were alleged to reside in Massachusetts and the motor vehicle accident underlying the plaintiff's claim occurred in Massachusetts).

Pursuant to 28 U.S.C. § 1406(a), when an action has not been brought in an appropriate venue, a district court may either dismiss the claim "or if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011). "The district court's decision whether to dismiss or transfer a case lies within the sound discretion of the district court." *Blakely*, 607 F. App'x at 18. Here, because Defendants' motion seeks only transfer and not dismissal, and because the action plainly could have been brought in the District where the underlying accident occurred, the Court opts to transfer the action to the District of New Jersey.

The Clerk of Court is directed to terminate Dkt. 13 and to transfer this action to the District of New Jersey.

SO ORDERED.

Dated:    October 14, 2021
          New York, New York

                                        Ronnie Abrams
                                        United States District Judge

4